**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3264-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TODD STATHUM,
a/k/a TODD PAESON,

    Defendant-Appellant.

_____

        Submitted November 13, 2023 – Decided December 1, 2023

        Before Judges Gilson and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-07-1235.

        Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

        Matthew J. Platkin, Attorney General of New Jersey, attorney for respondent (Lila Bagwell Leonard, Deputy Attorney General, of counsel and on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant, Todd Stathum, appeals from an October 21, 2021 order denying his petition for post-conviction relief (PCR), arguing the trial court erred in failing to provide him with an evidentiary hearing. We affirm for the reasons expressed in the well-reasoned, fourteen-page, written opinion of the Honorable Michael A. Guadagno.

I.

In 2014, a Monmouth County grand jury indicted defendant for two counts first-degree armed robbery, contrary to N.J.S.A. 2C:15-1, and two counts fourth-degree possession of an imitation weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4(e). The charges related to two separate armed robberies occurring in the City of Long Branch: one at a Monmouth gas station (the Monmouth Gas robbery), and another at LaCita grocery store (the LaCita robbery).

When defendant was arrested, he admitted he committed both the Monmouth Gas and the LaCita robberies. While giving his statement concerning the two robberies, the police asked defendant about a recent third robbery, which occurred in Shrewsbury. Every time defendant was asked about the Shrewsbury robbery, he repeatedly denied his involvement.

2

After trial, a jury convicted defendant on one count of first-degree armed robbery and one count of fourth-degree possession of a weapon for an unlawful purpose relating to the LaCita robbery, but the jury was unable to reach a verdict on the remaining two counts relating to the Monmouth Gas robbery. Facing retrial, defendant instead pleaded guilty to the remaining two counts and received an aggregate sentence of twenty years in prison, subject to the No Early Release Act (NERA).[1] After a direct appeal, defendant was resentenced to virtually the same sentence on remand. He then filed a PCR petition, asserting numerous claims of ineffective assistance of counsel.

II.

Defendant argues the PCR court erred in denying him an evidentiary hearing and improperly found he failed to demonstrate a prima facie case of ineffective assistance of counsel. As noted by Judge Guadagno, "many of defendant's claims do not allege ineffective assistance of counsel but rather challenge trial court rulings (admission of hearsay; admission of evidence that defendant was suspected in another robbery, used heroin, and owed court fees; denial of severance motion; barring testimony of witnesses; denial of motion for a mistrial; admission of a photo array)." We agree. Defendant fails to present

---

[1] N.J.S.A. 2C:43-7.2.

a cognizable claim for PCR relief pursuant to Rule 3:22 because he either raised the same claims in his previous direct appeal or could have raised them in that appeal.

With respect to the remaining claims, to establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

On petitions brought by a defendant who has entered a guilty plea, defendant satisfies the first Strickland prong if he can demonstrate counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). The defendant proves the second prong of Strickland by establishing "a reasonable probability" the defendant "would not have [pleaded] guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

Even if unable to obtain immediate relief, a defendant may seek to show an evidentiary hearing is warranted to develop the factual record in connection

with an ineffective assistance claim.  State v. Preciose, 129 N.J. 451, 462-63 (1992).  However, the PCR court should grant an evidentiary hearing only where:  (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief.  Preciose, 129 N.J. at 462; R. 3:22-10(b); see State v. Porter, 216 N.J. 343, 354 (2013).

Pursuant to Strickland, defendant fails to satisfy his burden to show trial counsel's performance was deficient or he suffered prejudice.  We agree with Judge Guadagno that trial counsel's consent to the introduction of a sanitized statement regarding the Shrewsbury robbery cannot provide the basis for an ineffective assistance of counsel claim because on direct appeal we found no abuse of discretion in the admission of the statement, and we found no substantive error occurred as the jury heard defendant consistently deny any involvement in the Shrewsbury robbery.  Moreover, counsel objected to the evidence at trial.  As noted by Judge Guadagno:

> In fact, after initially consenting to the sanitized version, trial counsel, apparently following defendant's request, objected when the prosecution attempted to admit evidence relating to the Shrewsbury robbery. Even assuming counsel should not have initially urged consent to the sanitized version, there is no showing

that the outcome would have been different or that defendant suffered prejudice by counsel's actions.

Because defendant did not demonstrate a prima facie showing of ineffective assistance of counsel, Judge Guadagno properly denied defendant an evidentiary hearing. The judge's findings are sound, and his legal conclusions are correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3264-21